PATRICK B. BRYAN
Senior Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611, Ben Franklin Station
Washington, D.C.  20044-7611
(202) 616-8299

ALLAN URGENT
Assistant United States Attorney
District of New Jersey
United States Attorney's Office
970 Broad Street, 7th Floor
Newark, New Jersey 07102
973-297-2079

Counsel for Plaintiff United States of America

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY
Richard J. Hughes Justice Complex
25 Market Street
PO Box 093
Trenton, NJ 08625-0093

By: Daniel J. Harrison
Deputy Attorney General
(609) 376-2735

Counsel for Plaintiffs New Jersey Department of
Environmental Protection and the Administrator
of the New Jersey Spill Compensation Fund

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION, and ADMINISTRATOR, NEW JERSEY SPILL COMPENSATION FUND <br><br> Plaintiffs, <br><br> v. <br><br> HERCULES LLC, <br><br> Defendant. | Civil Action No. |

## COMPLAINT

The United States of America, by authority of the Attorney General of the United States and through the undersigned attorney, acting at the request of the Regional Administrator of the United States Environmental Protection Agency ("EPA") for Region II, the New Jersey Department of Environmental Protection ("NJDEP"), and the Administrator of the New Jersey Spill Compensation Fund ("Administrator") by and through the New Jersey Attorney General file this complaint and allege as follows:

## NATURE OF THE ACTION

1. This is a civil action brought under to Sections 106 and 107 of the Comprehensive Environmental Response, Compensation, and Liability Act, as

amended, 42 U.S.C. §§ 9606 & 9607 ("CERCLA"), and the New Jersey Spill Compensation and Control Act, N.J.S.A. 58:10-23.11 to -23.24 ("the Spill Act").

2. The United States seeks injunctive relief and recovery of costs incurred in response to releases and threatened releases of hazardous substances into the environment at or from the Hercules, Inc. Superfund Site ("Site"), located in Gibbstown, Gloucester County, New Jersey.

3. NJDEP and the Administrator of the New Jersey Spill Compensation Fund seek certain injunctive relief and the reimbursement of costs they have incurred and will incur for the discharge of hazardous substances at the Site.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action and over the parties under 28 U.S.C. §§ 1331 and 1345 and Sections 106, 107, and 113(b) of CERCLA, 42 U.S.C. §§ 9606, 9607 & 9613(b).

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) and Sections 106(a) and 113(b) of CERCLA, 42 U.S.C. §§ 9606(a) & 9613(b), because the releases or threatened releases of hazardous substances that gave rise to this claim occurred in this district, and because the Site is located in this district.

## THE PARTIES

6. The United States is authorized to seek costs of removal or remedial action, as well as injunctive relief necessary to abate the imminent and substantial

endangerment to the public health or welfare, or the environment, that may result from an actual or threatened release or threatened release of a hazardous substance at or from a facility.  42 U.S.C. §§ 9606(a), 9607(a).

7. NJDEP is a principal department within the Executive Branch of the State of New Jersey, vested with the authority to conserve and protect natural resources, protect the environment, prevent pollution, and protect the public health and safety.  N.J.S.A. 13:1D-9.

8. The Administrator is the chief executive officer of the New Jersey Spill Compensation Fund ("the Spill Fund").  N.J.S.A. 58:10-23.11j.  As chief executive officer of the Spill Fund, the Administrator is authorized to approve and pay any cleanup and removal costs Plaintiff NJDEP incurs, N.J.S.A. 58:10-23.11f.c & .d, and to certify the amount of any claim to be paid from the Spill Fund, N.J.S.A. 58:10-23-11j.d.

9. Defendant Hercules LLC ("Hercules") is a limited liability corporation organized under the laws of the State of Delaware, with headquarters located at 1313 North Market Street, Wilmington, Delaware, 19894, and is a "person" as defined in Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

10. At relevant times, Hercules owned and operated the Site.

## STATUTORY BACKGROUND

11. CERCLA was enacted in 1980 to provide a comprehensive governmental mechanism for abating releases and threatened releases of hazardous substances and other pollutants and contaminants, and for funding the costs of such abatement and related enforcement activities, which are known as "response" actions, 42 U.S.C. §§ 9604(a), 9601(25).

12. Section 104(a)(1) of CERCLA, 42 U.S.C. § 9604(a)(1), provides:

> Whenever (A) any hazardous substance is released or there is a substantial threat of such a release into the environment, or (B) there is a release or substantial threat of release into the environment of any pollutant or contaminant which may present an imminent and substantial danger to the public health or welfare, the President is authorized to act, consistent with the national contingency plan, to remove or arrange for the removal of, and provide for remedial action relating to such hazardous substance, pollutant, or contaminant at any time (including its removal from any contaminated natural resource), or take any other response measure consistent with the national contingency plan which the President deems necessary to protect the public health or welfare or the environment.

13. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part:

> Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this Section –
>
> (1) the owner and operator of a vessel or a facility, [and]

5

>   (2)   any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,
>
>   \* \* \*
>
>   shall be liable for –
>
>   (A)   all costs of removal or remedial action incurred by the United States Government . . . not inconsistent with the National Contingency Plan . . . .

14.   Under Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), the United States is also authorized to seek injunctive relief necessary to abate the imminent and substantial endangerment to the public health or welfare, or the environment, that may result from an actual or threatened release of a hazardous substance at or from a facility.

## GENERAL ALLEGATIONS

15.   The Site consists of about 350 acres located in Gibbstown, Gloucester County, New Jersey. To manage cleanup operations of the Site, EPA has divided response actions for the Site into portions referred to as "Operable Units."

16.   Operable Units 1 and 2 consists of response actions identified in an EPA decision document, dated September 25, 2018, referred to as the Operable Units 1 and 2 Record of Decision. The response actions for Operable Units 1 and

2 address contamination in groundwater, soil, sediments, and surface water in specified areas at the Site.

17. The Site is a "facility" as defined in Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

18. There has been a "release" or a "threatened release" of "hazardous substances" into the "environment" at or from the Site, as those terms are defined in Section 101 of CERCLA, 42 U.S.C. §§ 9601.

19. In undertaking response actions to address the release or threat of release of hazardous substances at the Site, EPA has incurred and will continue to incur "response costs" as defined in Section 101(25) of CERCLA, 42 U.S.C. § 9601(25). The response costs incurred thus far were incurred in a manner not inconsistent with the National Contingency Plan, promulgated under Section 105 of CERCLA, 42 U.S.C. § 9605, and codified at 40 C.F.R. Part 300.

## **FIRST CLAIM FOR RELIEF**
*Cost Recovery Under CERCLA Section 107*

20. Paragraphs 1 through 19 are re-alleged and incorporated herein by reference.

21. Hercules is liable under Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2), because it owned or operated a facility at the Site at the time hazardous substances were disposed of at the facility.

22. Hercules is liable under Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1), because it owns the Site.

23. Under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), Hercules is jointly and severally liable for all Operable Units 1 and 2 costs incurred by the United States, including enforcement costs and interest.

**SECOND CLAIM FOR RELIEF**
*Injunctive Relief Under CERCLA Section 106*

24. Paragraphs 1 through 23 are re-alleged and incorporated herein by reference.

25. EPA has determined that there is or may be an imminent and substantial endangerment to the public health and welfare or the environment because of actual or threatened releases of hazardous substances at or from the Site.

26. EPA has determined that the response actions selected in the Operable Units 1 and 2 Record of Decision are necessary to abate the danger or threat at or from the Site.

27. Under Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), Hercules is jointly and severally liable for injunctive relief to abate the danger or threat presented by a release or threatened release of hazardous substances into the environment at or from the Site.

28. Under Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), Hercules is jointly and severally liable to undertake the Operable Units 1 and 2 response actions as described in the Operable Units 1 and 2 Record of Decision.

### **THIRD CLAIM FOR RELIEF**
*Cost Recovery Under the Spill Act*

29. Paragraphs 1 through 28 are re-alleged and incorporated herein by reference.

30. Except as otherwise provided in N.J.S.A. 58:10-23.11g12, any person who "has discharged a hazardous substance, or is in any way responsible for any hazardous substance" that is discharged, shall be liable, jointly and severally, without regard to fault, for all cleanup and removal costs no matter by whom incurred. N.J.S.A. 58:10-23.11g.c.(1).

31. Except as otherwise exempted under N.J.S.A. 58:10-23.11g.12, the discharge of hazardous substances is a violation of the Spill Act, for which any person who is the discharger of, or is in any way responsible for, any hazardous substance that is discharged, is strictly liable, jointly and severally. N.J.S.A. 58:10-23.11g.c.(1).

32. NJDEP has incurred, and may continue to incur, costs as a result of the discharge of hazardous substances at the Site.

33. The costs that NJDEP has incurred and will incur for the Site are "cleanup and removal costs" within the meaning of N.J.S.A. 58:10-23.11b.

34. Hercules is a "person" within the meaning of N.J.S.A. 58:10-23.11b.

35. Hercules is a discharger and also a person that is in any way responsible for the discharged hazardous substances, and is liable, jointly and severally, without regard to fault, for all cleanup and removal costs that NJDEP has incurred, and will incur, as a result of the discharge of hazardous substances at the Site.  N.J.S.A. 58.10-23.11g.c.(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

a. Enter judgment in favor of Plaintiffs and against the Defendant, jointly and severally, under Section 107(a)(4)(A) of CERCLA, 42 U.S.C. § 9607(a)(4)(A), for unreimbursed response costs incurred by the United States relating to Operable Units 1 and 2, including enforcement costs and prejudgment interest, but excluding costs that are to be reimbursed under previously entered into administrative orders on consent;

b. Enter an order under Section 106 of CERCLA, 42 U.S.C. § 9606(a), requiring the Defendant to perform the Operable Units 1 and 2 response actions as described in the Operable Units 1 and 2 Record of Decision;

c. Enter a declaratory judgment on Defendant's liability that will be binding in any subsequent action for further response costs, pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2);

    d.    Order the Defendant to reimburse Plaintiffs NJDEP and the Administrator, jointly and severally, without regard to fault, for all cleanup and removal costs Plaintiffs NJDEP and the Administrator have incurred at the Site, with applicable interest;

    e.    Enter declaratory judgment against the Defendant, jointly and severally, without regard to fault, for all cleanup and removal costs Plaintiffs NJDEP and the Administrator may incur at the Site; and

    f.  Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

JONATHAN D. BRIGHTBILL
Principal Deputy Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

| | |
|---|---|
| <u>September 28, 2020</u><br>Dated | *s/ Patrick B. Bryan*<br>PATRICK B. BRYAN<br>Senior Attorney<br>Environmental Enforcement Section<br>Environment and Natural Resources Division<br>United States Department of Justice<br>P.O. Box 7611, Ben Franklin Station<br>Washington, DC 20044-7611<br>(202) 616-8299<br>patrick.bryan@usdoj.gov<br><br>CRAIG CARPENITO<br>United States Attorney<br>District of New Jersey |

ALLAN URGENT
Assistant United States Attorney
District of New Jersey
United States Attorney's Office
970 Broad Street, 7th Floor
Newark, New Jersey 07102
973-297-2079

*Counsel for Plaintiff United States of America*

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY
Richard J. Hughes Justice Complex
25 Market Street
PO Box 093
Trenton, NJ 08625-0093

| | |
|---|---|
| September 28, 2020<br>Dated | *s/ Daniel J. Harrison by Patrick B. Bryan*<br>DANIEL J. HARRISON<br>Deputy Attorney General |

*Counsel for Plaintiffs New Jersey Department of Environmental Protection and the Administrator of the New Jersey Spill Compensation Fund*

OF COUNSEL:

WILLIAM J. REILLY, JR.
Assistant Regional Counsel
U.S. Environmental Protection Agency, Region 2
290 Broadway, 17th Floor
New York, NY  10007
(212) 637-3154

## CERTIFICATION UNDER LOCAL CIVIL RULE 11.2

In accordance with 28 U.S.C. § 1746, I certify that the matter in controversy in the foregoing Complaint is not the subject of any other action pending in any court, or any pending arbitration or administrative proceeding.

*s/ Patrick B. Bryan*
PATRICK B. BRYAN
Senior Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044-7611
(202) 616-8299
patrick.bryan@usdoj.gov